```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KELLIE A. BLACK                                    :
          Plaintiff,
                                                                    COMPLAINT
                                                                    (Jury Trial Demanded)
                                                   :


          - against -                              :

KDC/ONE dba KOLMAR LABORATORIES INC.,              :
NICOLAS CODUTTI, Vice President and General
Manger, and ISABEL MEUNIER Chief of Human          :
Resources, each in their individual capacities as
aider abettors.                                    :
          Defendants.
-----------------------------------------------------------------X
```

Plaintiff, KELLIE A. BLACK as and for her Complaint and Jury Demand, through her counsel, Deirdra Jeneva Brown alleges as follows:

## NATURE OF THE CASE

1  This is an action for compensatory and punitive damages proximately caused by the defendants' violation of plaintiff's rights as guaranteed by 42 U.S.C. §2000e-2 et.seq. (hereafter "Title VII"), 42 U.S.C. §1981 et.seq. (hereafter "Section 1981"), the New York State Executive Law §296 (hereafter "NYSHRL") and NYS Labor Law §740et.seq (hereafter "Labor Law §740")

## JURISDICTION

2  The Court's jurisdiction over Plaintiff's Federal claims is invoked pursuant to 28 U.S.C. §§1331, 1343. Supplemental jurisdiction over the New York State claims is invoked pursuant to 28 U.S.C. §1367. All claims stem from a common nucleus of operative facts.

3  Plaintiff filed a complaint with the EEOC on June 22, 2022, (Ex.1) The EEOC issued plaintiff a notice of right to sue letter dated August 8, 2022 and received by plaintiff on August 13, 2022. The instant action is filed well within the applicable ninety (90) day limitations period.

4  Venue in the United States District Court for the Southern District of New York is proper pursuant to 28 U.S.C. §1391 et.seq since defendant KOLMAR is in this judicial district, and since the discriminatory and retaliatory acts were committed by Defendants in this judicial district.

## THE PARTIES

5  Plaintiff KELLIE ANN BLACK (Ms. Black or "plaintiff") is a fifty-one-year-old, African American woman residing in Burlington County New Jersey. At all times relevant to this complaint, Ms. Black was employed or previously employed as the Director of Human Resources at defendant's facility in Port Jervis, New York,  and thus qualifies as an "employee" as that term is defined in Title VII, Section 1981, Labor Law§740 and the NYSHRL.

6  Defendant KDC/ONE dba KOLMAR LABORATORIES, INC. (hereafter "KOLMAR") is an international cosmetic manufacturer with headquarters at 375 Boul. Roland-Therrien, Suite 210, Longueuil, Quebec J4H 4A6. KOLMAR runs ten operating facilities located throughout North America. At all times relevant plaintiff was employed at defendant's facility located at 20 West King Street, Port Jervis, NY, USA. At all times relevant KOLMAR employed one hundred (100) or more employees at its Port Jervis facility.

7  NICOLAS CODUTTI (Caucasian) is sued in his individual capacity. At all times relevant defendant CODUTTI was employed as a Vice President and General Manager at KOLMAR's Port Jervis facility. As VP and General Manager, he had the authority to hire, fire and promote Company employees and to make and enforce Company policies and procedures. CODUTTI is charged with having permitted and participated in discriminatory and retaliatory actions against plaintiff because of her

race and because she reported and exposed unlawful employment practices at the Port Jervis facility.

8  ISABEL MEUNIER (Caucasian) is sued in her individual capacity. At all times relevant defendant MEUNIER was employed as the Chief of Human Resources at KOLMAR's headquarters in Quebec, Canada. As HR chief she had the authority to hire, fire and promote Company employees and to make and enforce Company policies and procedures. MEUNIER is charged with having permitted and participated in discriminatory and retaliatory actions against plaintiff because of her race and because she reported and exposed unlawful employment practices at the Port Jervis facility.

## FACTUAL ALLEGATIONS

9  Plaintiff has supervisory level experience in Human Resource Management dating back to 1994. She holds a BS in workforce education from Southern Illinois University (1994) and an MBA in Human Resources Management from Central Michigan University (2004).

10  On January 27, 2021, KOLMAR offered Ms. Black the position of Director of Human Resources at their Port Jervis, New York facility. She was engaged by contract at a base salary of $160,000.00 with a variety of benefits, opportunities for bonuses, and paid leave.

11  Defendant Codutti, in his capacity as Vice President and General Manager, became Ms. Black's first-line report.

12  Plaintiff began work February 8, 2021. When plaintiff began work at KOLMAR, she was one of two minorities or people of color to hold a management or supervisory positions at the Port Jervis Facility. KOLMAR has since terminated both management-level minority employees.

13  The environment at the Port Jervis Facility was chaotic and confused. As was her custom, and the industry standard, plaintiff began due diligence regarding KOLMAR's workforce. Temporary Agencies supplied approximately 65% of KOLMAR's Port Jervis workforce. Plaintiff, as the new HR Director,

issued an audit to each temporary agency doing business with KOLMAR. The audit requested, among other things, confirmation of proper citizenship documentation.

14  Northeast Staffing Associates (hereafter "NSA") was the largest of three temporary agencies doing business with KOLMAR. NSA declined to comply with the audit.

15  Upon discovering that several temporary employees supplied by NSA were undocumented. Plaintiff recommended to defendant Codutti that these workers be removed.

16  Hiring, recruiting, or referring for employment individuals who are unauthorized to work in the United States, is a violation of Federal Law. 8 U.S.C.A. §1324a

17  Ms. Black told Codutti that continuing to employ undocumented workers could result in civil liability to include a hefty monetary fine.

18  Codutti told Ms. Black that KOLMAR could not meet supply demands without the assistance of undocumented workers.

19  Through due diligence, Ms. Black discovered that the undocumented workers from NSA were earning two dollars per hour less than their documented counterparts, and that NSA and/or KOLMAR forced several of these workers to work overtime by controlling their access to a shuttle bus that transported them to and from the factory.

20  Plaintiff emailed defendants Nicolas Codutti and Isabel Meunieri regarding the continued presence of undocumented workers at the Port Jervis facility and the unequal treatment they received.

21  Plaintiff told Meunieri that minority workers at the Port Jervis facility were generally not treated well and that such mistreatment potentially violated U.S. anti-discrimination laws.

22  She did not get a response from Codutti or from Meunieri about her concerns.

23  In March or April of 2021, Codutti came into plaintiff's office, closed the door, and sat down. He told plaintiff that "they" were aware of her "investigation" and he asked her to stop the audit immediately. Plaintiff understood the word "they" to mean higher-ups in the organization.

24  Following this conversation Codutti began to engage in a pattern of behavior intended to embarrass and humiliate plaintiff in front of her co-workers. For example:

   a. On or about April 20, 2021, Codutti brought KOLMAR's OSHA director (Ed Babka, Caucasian) into Ms. Black's office. While standing in plaintiff's office, Codutti and Babka began a loud, mock conversation with each other in which they accused plaintiff of falling short of her job responsibilities following a failure to notify workers of a COVID-positive at the Port Jervis Facility. Though the two men were standing in plaintiff's office, but they did not include plaintiff in their mock conversation. KOLMAR's COVID tracking procedures, which had been in place before plaintiff onboarded to the Company, did not require plaintiff to issue notifications to co-workers regarding COVID positives.

   b. On or about April 21, 2021, at a leadership meeting with all department heads, Codutti upbraided the plaintiff. He attributed a set of performance review dates to Ms. Black, told her she was "wrong" in the presence of her colleagues saying, "this is what Kellie put out there, but we are going to ignore that."

   c. In July, 2021, in a further effort to demoralize plaintiff, Ed Babka, disrespectfully yelled at her during a work-related phone conversation. Plaintiff documented Babka's misconduct in a counseling email which she copied to Codutti. Codutti did not support her.

   d. Codutti treated plaintiff differently from her colleagues by insisting that she submit to a performance review, even though the company rule was that performance reviews were not to be conducted on new hires who started after February 1. Though compelled to submit to a performance review, plaintiff was told she was not eligible for a corresponding salary increase because of her date of hire. A colleague who started the same day as plaintiff, Lance Boyton (Caucasian male), was not subjected to a performance review.

25  On August 23, 2021, defendant Meunieri called plaintiff into a meeting via Microsoft Teams at which Meunieri terminated plaintiff's employment. Meunieri gave as pretext for the decision, that the Company had investigated an encounter between plaintiff and one of her colleagues named "Amy S" (Caucasian), and that the Company had decided, based upon that investigation, that plaintiff's employment should be terminated.

    a. On or about July 16, 2021, "Amy S." called plaintiff to complain that the Company's offer of a $50 employee-incentive for agreeing to be vaccinated against COVID was "discriminatory."

    b. Plaintiff told Amy that as a Black woman she understood discrimination and did not agree that the incentive program amounted to discrimination.

26  Though Meunieri allegedly based the decision to terminate plaintiff on the results of an "investigation" of this July 16 encounter, Meunieri declined to share the investigatory report with plaintiff or even to discuss the conclusions of the report with her orally.

## CAUSES OF ACTION

FIRST CLAIM FOR RELIEF
DISPARATE TREATMENT DISCRIMINATION
(42 U.S.C. §1981, 42 U.S.C. §2000e)

27  Plaintiff repeats and re-alleges here, each factual allegation contained in the preceding paragraphs

28  As described in more detail above, defendant NICOLAS CODUTTI discriminated against plaintiff in the terms and conditions of plaintiff's employment, in whole or in substantial part, based upon plaintiff's race (African American), and skin color (brown) constituting a violation of Title 42, United States Code §1981.

29  As described in more detail above, defendant ISABEL MEUNIERI discriminated against plaintiff in the terms and conditions of plaintiff's employment, in whole or in substantial part based upon plaintiff's race (African American), and skin color (Brown) constituting a violation of Title 42, United States Code §1981.

30  As described in more detail above, defendant KOLMAR, has discriminated against plaintiff in the terms and conditions of plaintiff's employment, in whole or in part based upon plaintiff's race (African American), and skin color (Brown) constituting a violation of Title 42, United States Code §§1981 and 42 U.S.C. §2000e.

SECOND CLAIM FOR RELIEF
HARASSMENT
HOSTILE WORK ENVIRONMENT
(42 U.S.C.§1981, 42 U.S.C. §2000e)

31  Plaintiff repeats and re-alleges here, each factual allegation contained in the preceding paragraphs.

32  As described in more detail above, defendant NICOLAS CODUTTI harassed plaintiff and subjected plaintiff to a hostile work environment based in whole or in substantial part, upon plaintiff's race (African American) and skin color (brown) constituting a violation of Title 42, United States Code §1981.

33  As described in more detail above, defendant ISABEL MEURIERI harassed plaintiff and subjected plaintiff to a hostile work environment based in whole or in substantial part, upon plaintiff's race (African American) and skin color (brown) constituting a violation of Title 42, United States Code §1981.

34  As described in more detail above, defendant KOLMAR, has subjected plaintiff to a hostile work environment based, in whole or in substantial part, on plaintiff's race (African American) and skin color (brown) constituting a violation of Title 42 U.S.C. §1981 and §2000e et.seq.

THIRD CLAIM FOR RELIEF
RETALIATION
(42 U.S.C. §1981, 42 U.S.C. §2000e)

35  Plaintiff repeats and re-alleges here, each factual allegation contained in the preceding paragraphs.

36  As described in more detail above, defendant NICOLAS CODUTTI retaliated against plaintiff for plaintiff's opposition to, her reporting of, and her complaints about race and color discrimination in violation of Title 42, United States Code §1981.

37  As described in more detail above, defendant ISABEL MEURIERI retaliated against plaintiff for plaintiff's opposition to, her reporting of, and her complaints about race and color discrimination in violation of Title 42, United States Code §1981.

38  As described in more detail above, defendant KOLMAR retaliated against plaintiff for plaintiff's opposition to, her reporting of, and her complaints about race and color discrimination in violation of Title 42, United States Code §§1981 and 2000e.

FOURTH CLAIM FOR RELIEF
DISPARATE TREATMENT DISCRIMINATION
(NYS Executive Law §296 et.seq)

39  Plaintiff repeats and re-alleges here, each factual allegation contained in the preceding paragraphs.

40  As described in more detail above, defendant KOLMAR, has subjected plaintiff to discrimination based, in whole or in substantial part, on plaintiff's race (African American) and skin color (brown) constituting a violation of NYS Executive Law §296 et.seq.

FIFTH CLAIM FOR RELIEF
HARASSMENT
(NYS Executive Law §296 et.seq)

41  Plaintiff repeats and re-alleges here, factual allegation contained in the preceding paragraphs.

42   As described in more detail above, defendant KOLMAR, has subjected plaintiff to harassment based, in whole or in substantial part, on plaintiff's race (African American) and skin color (brown) constituting a violation of NYS Executive Law §296 et.seq

SIXTH CLAIM FOR RELIEF
RETALIATION - Human Rights Law
(NYS Executive Law §296 et.seq)

43   Plaintiff hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

44   As described in more detail above, defendant KOLMAR has retaliated against plaintiff for plaintiff's opposition to, her reporting of, and her complaints about race and color discrimination in violation of NYS Executive Law §296 et.seq.

SEVENTH CLAIM FOR RELIEF
AIDER AND ABETTOR
(NYS Executive Law §296 et.seq)

45   Plaintiff hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

46   As described in more detail above, defendant NICOLAS CODUTTI participated directly in, aided and abetted, condoned, ratified and/or approved unlawful employment practices against plaintiff , with deliberate indifference to plaintiff's right to be free from unlawful discrimination,  workplace harassment and retaliation, , constituting a violation of NYS Executive Law §296 et.seq.

47   As described in more detail above, defendant ISABEL MEUNIERI participated directly in, aided and abetted, condoned, ratified and/or approved unlawful employment practices against plaintiff, with deliberate indifference to plaintiff's right to be free from unlawful discrimination, workplace harassment and retaliation, constituting a violation of NYS Executive Law §296 et.seq.

EIGHTH CLAIM FOR RELIEF
RETALIATION - Labor Law
(NYS Labor Law §740(2) et.seq)

48   Plaintiff hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

49  As described in more detail above, defendant KOLMAR has retaliated against plaintiff for disclosing a policy or practice of defendant KOLMAR that she reasonably believed to be in violation of the law, all in violation of NYS Labor Law §740(2) et.seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.  An Order directing KOLMAR, Port Jervis, New York to cease and desist from discriminatory practices in the hiring, retention, promotion and pay of minority employees.

B.  Compensate plaintiff for lost wages.

C.  Compensate plaintiff for prospective wages.

D.  Award plaintiff a measure of monetary damages to compensate her for her personal hardships, dignity injuries, and emotional distress damages.

E.  Impose punitive damages against the individual defendants for reckless and deliberate retaliation against plaintiff and gross indifference to plaintiff's right to be free from unlawful workplace harassment and retaliation; and

F.  Such other relief as the Court deems appropriate.

Dated: Tuesday, November 9, 2022

*D. Jen Brown*
Deirdra Jeneva Brown, Esq.
PO Box 2238, Poughkeepsie, New York
JenBrown@DJenBrownESQ.com
(845) 454-0835, Fax (845) 454-0836
USDC SDNY Bar# DB0307
Atty Reg# 23784004